UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL EUGENE EDWARDS,  :
:
:
            Petitioner  : CIVIL NO. 1:CV-91-0914
   vs.  :
: (Judge Caldwell)
DONALD T. VAUGHN, et al.,  :
:
           Respondents  :


*M E M O R A N D U M*

I. *Introduction*

      The pro se petitioner, Mitchell Eugene Edwards, is an inmate at the Graterford State Correctional Institution in Houtzdale, Pennsylvania. In November 1983, a jury in the Court of Common Pleas of York County, Pennsylvania, found him guilty of second-degree murder. He is serving a life sentence. On July 17, 1991, he initiated these habeas proceedings under 28 U.S.C. § 2254 to challenge his conviction. By order dated December 4, 1991, we denied relief. Our decision was upheld on appeal. *Edwards v. Vaughn*, No. 92-7054 (3d Cir. April 17, 1992).

      On March 25, 2014, Petitioner filed a motion under Fed. R. Civ. P. 60(b)(3) and 60(b)(6) for relief from our order of December 4, 1991. We will deny the motion.

II. *Discussion*

      Fed. R. Civ. P. Rule 60(b)(3) permits relief from an order based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party . . . ." Relief must be sought "within a reasonable time," but "no more than a year after the entry of judgment or order or the date of the proceeding." Rule 60(c)(1).

Rule 60(b)(6), Rule 60(b)'s catchall provision, allows relief from an order for "any other reason that justifies relief." A Rule 60(b)(6) motion is not subject to a one-year time limit like a Rule 60(b)(3) motion, but Rule 60(c)(1) also requires a motion under Rule 60(b)(6) to "be made within a reasonable time."

Because a motion under Rule 60(b)(6) can be granted "for any other reason that justifies relief," the party seeking such relief must show "extraordinary circumstances" as a way of respecting the separate interest in the finality of judgments. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). If an extreme and unexpected hardship will result if relief is not granted, then extraordinary circumstances have been shown. *Id.* "This 'hardship' requirement may sometimes be satisfied when the judgment 'precluded an adjudication on the merits.'" *Id.* (quoted case omitted). A delay in filing a Rule 60(b)(6) motion must also be justified by extraordinary circumstances. *In re: Diet Drugs*, 383 F. App'x 242, 246 (3d Cir. 2010)(nonprecedential).

Petitioner cannot rely on Rule 60(b)(3). As noted, motions under this provision must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." Rule 60(c)(1). Edwards seeks relief from the order of December 4, 1991, denying his 2254 petition. His motion was filed on March 25, 2014, some twenty-two years and four months after the entry of the December 4, 1991, order.

*See Zahl v. Harper*, 403 F. App'x 729, 734 (3d Cir. 2010)(nonprecedential)(affirming denial of a Rule 60(b)(3) motion when it was not filed within one year of the judgment).

Nor can Petitioner resort to Rule 60(b)(6). Such a motion must be made within a reasonable time. "What constitutes a 'reasonable time' depends on the circumstances of each case. [citation omitted]. A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *In re: Diet Drugs*, *supra*, 383 F. App'x at 246.

Petitioner's motion was not filed within a reasonable time. First, there is the interest in the finality of a judgment entered over twenty-two years ago. Second, there was no good reason for delay in filing the motion. Petitioner asserts he could not have learned of the grounds for the motion until October 2006, when the state-court record was filed in *Edwards v. Palakovich*, No. 06-CV-1785 (M.D. Pa.), by the respondents there and Petitioner had the opportunity to examine the record.[1] (Rule 60(b) memorandum, Doc. 20, ECF p. 15). Petitioner adds that as a prisoner he has limited access to a law library. (*Id.*, ECF pp. 71-73). We reject this position. Petitioner still waited some seven years and five months to file the Rule 60(b) motion, even if we start the time from the date he alleges he first had access to the state-court record. We observe that in April 2008 Petitioner was able to file a Rule 60(b) motion in No. 06-CV-1785 relying on the same record. (No. 06-CV-1785, Doc. 55).

---

[1] No. 06-CV-1785 was Petitioner's third attempt at section 2254 relief. We dismissed that petition for lack of jurisdiction. *Edwards v. Palakovich*, 2007 WL 2071885 (M.D. Pa. July 19, 2007)(Caldwell, J.), *aff'd*, No. 07-3533 (3d Cir. Oct. 19, 2007).

Moreover, Petitioner alleges that in October 2004 his family hired a lawyer to review the records in his case. (*Id.*, ECF p. 6). Petitioner thus had access to the records in October 2004, some two years earlier than October 2006. In short, too much time has passed to entertain a Rule 60(b)(6) motion. *Zahl*, *supra*, 403 F. App'x at 734 ("eight years is without a doubt not a reasonable time to wait before seeking to reopen a judgment, including under the catch-all subparagraph (6)").

We also do not find exceptional circumstances. Among other reasons, Petitioner asserts there are exceptional circumstances based on the following. First, when he filed his formal postconviction petition on April 12, 1991, under the Pennsylvania Post Conviction Relief Act, 42 Pa. Con. Stat. Ann. § 9541 *et seq.*, the trial court treated it as his second one, and held that the issues raised had been waived by his failure to present them in what the trial court had considered his first postconviction proceedings. (*Edwards v. Palakovich*, No. 06-CV-1785, Doc. 31-2, ECF pp. 59-66). However, according to Petitioner, the trial court was mistaken; the April 1991 petition was really his first one, and under state law, counsel would have been appointed to represent him on this initial petition. As the argument goes, if counsel had been appointed, Petitioner would have properly exhausted his state-court remedies, and Petitioner would have been able to have his federal claims adjudicated on the merits when he filed his petition in the instant case. Instead, we dismissed the petition because the one claim that was cognizable in habeas, that the prosecutor had violated *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)(barring racial discrimination in the selection of the

-4-

trial jury), had been procedurally defaulted. *Edwards v. Vaughn*, Doc. 11, No. 91-CV-914, slip op. at 7-8 (M.D. Pa. Dec. 4, 1991).[2]

At this point, some background is appropriate. After Petitioner was sentenced, new counsel represented him on direct appeal. That counsel raised seven claims. The seventh claim concerned trial counsel's ineffectiveness on numerous grounds. The Pennsylvania Superior Court rejected the first six claims but decided that trial counsel's alleged ineffectiveness could not be addressed on appeal as a hearing was required to resolve the factual issues the ineffectiveness claim presented. On February 25, 1986, the superior court vacated the judgment and remanded the case for an evidentiary hearing. (No. 06-CV-1785, Doc. 30-1, pp. 55-62). That hearing was held, and on November 2, 1987, the trial court concluded that Petitioner's trial counsel had not been ineffective. (No. 06-CV-1785, Doc. 31-1, pp. 53-79).

It is far from clear that the trial court was mistaken when it treated the April 12, 1991, PCRA petition as a second petition. The only basis for this assertion is the opinion of the lawyer Petitioner's family had hired to review his case. (No. 06-CV-1785, Doc. 55-2, ECF pp. 66-67). That opinion is based on *Commonwealth v. Peterson*, 453 Pa. Super. Ct. 271, 683 A.2d 908, 911 (1996), and *Commonwealth v. Van Allen*, 409 Pa. Super. Ct. 348, 597 A.2d 1237, 1239 (1991). Those cases are factually distinguishable from the instant one as no postconviction proceedings occurred in them before the PCRA petition was filed.

---

[2] We cite to a copy of the slip opinion the court retained electronically. The court has been informed that the original file was destroyed in 2012. Petitioner has attached an incomplete copy of the slip opinion to his Rule 60(b) motion. Doc. 20-1, ECF p. 15.

Second, Petitioner asserts there are exceptional circumstances because on his first 2254 petition we mistakenly sent him back to state court to exhaust state-court remedies on claims that we later realized were not cognizable in federal habeas -- Petitioner's claims that PCRA counsel was ineffective.[3]  Petitioner contends we should have advised him to return to state court and file claims challenging the effectiveness of direct-appeal counsel.  This is not an exceptional circumstances because we were not advising Petitioner to file any particular claims, nor was it our role to do so; we were simply dealing with claims  as they were presented to us.[4]

As for Petitioner's other allegations, these all relate to matters that occurred after the December 4, 1991, order denying relief in this case, and thus cannot constitute

---

[3]  On August 16, 1989, Edwards filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was denied a full, fair and adequate hearing on remand due to his postconviction counsels' ineffectiveness.  *Edwards v. Vaughn*, No. 89-CV-1452 (M.D. Pa.)(Caldwell, J.)(No. 06-CV-1785, Doc. 31-2, pp. 34-42).  On April 24, 1990, we denied that petition on the basis of his failure to exhaust state-court remedies, after the magistrate judge submitted a report indicating state-court remedies were still available.  The magistrate judge's report in No. 89-CV-1452 can be found at No. 06-CV-1785, Doc. 31-2, ECF pp. 43-49).  It was the PCRA petition of April 12, 1991, that was filed in response to the suggestion to return to state court.  In our memorandum of December 4, 1991, in No. 91-CV-914, we recognized that it was pointless to require Petitioner to exhaust state remedies on claims of postconviction-counsel ineffectiveness since there is no federal right to counsel in postconviction proceedings.  No. 91-CV-914, Doc. 11, slip op. at p. 5.

[4]  We dismissed the instant section 2254 petition on the basis of procedural default, and Rule 60(b) can be used to show that dismissal on that basis was incorrect.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4, 125 S.Ct. 2641, 2648 n.4, 162 L.Ed.2d 480 (2005).  We observe here that Petitioner specifically disclaims any reliance on *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).  (Doc. 20, ECF p. 39).  *Martinez* held that postconviction-counsel ineffectiveness in failing to raise claims of trial-counsel ineffectiveness at the first postconviction opportunity to do so can constitute a procedural default allowing consideration of the latter claims in federal habeas even though they had not been raised in state court.  ___ U.S. at ___, 132 S.Ct. at 1320.  Petitioner disclaims reliance on *Martinez* in recognition that an intervening change in the law is not an exceptional circumstance allowing relief from judgment.  Petitioner is correct.  *See Stroll v. Johnson*, 2013 WL 6074160, at *1 (3d Cir. 2013)(nonprecedential)(citing *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012)).

exceptional circumstances.  *See Walsh v. Krantz*, 423 F. App'x 177, 180 (3d Cir. 2011)(nonprecedential)(allegations of postjudgment conduct have no bearing on the validity of the entry of the judgment).[5]

    We will issue an appropriate order.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge

Date: May 21, 2014

---

[5] The trial court dismissed this petition on May 22, 1991.  We note here Petitioner claims that the trial court never gave him notice of this dismissal and thus he could not have appealed (and thus exhausted state-court remedies).  (Doc. 20, ECF p. 66).  However, Petitioner does not seem to have made this argument when he filed his 2254 petition in this case on July 17, 1991.  Our ruling that Petitioner had not exhausted his *Batson* claim was based on his own representation that he did not appeal the trial court's ruling because "there was no further . . . corrective state court process." (Dec. 4, 1991, slip op. at 3-4, Doc. 20-1, ECF pp. 17-18)(also mistakenly saying that the PCRA petition was denied on April 12, 1991, which was really the filing date).  There was no representation at that time that the trial court had not yet ruled on the PCRA petition, a representation that, if made, would have resulted in a different ruling.